UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKIE EARL BURNS,                                        No. 10-12536

                Plaintiff,                    District Judge George Caram Steeh

v.                                                        Magistrate Judge R. Steven Whalen

ANN ARBOR CREDIT BUREAU,

                Defendant.

_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant Ann Arbor Credit Bureau's ("Defendant's") motion for summary judgment [Dock. #27], filed January 19, 2011 which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's motion be GRANTED, dismissing this case WITH PREJUDICE. I recommend further that Defendant's earlier motion for Judgment on the Pleadings, filed September 29, 2010 [Dock. #9] be denied as moot.[1]

## I.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff, proceeding *pro se,* filed suit in Washtenaw Circuit Court on April 30, 2010 alleging violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*., his due process rights under the Fourteenth Amendment, and various state statutes. The Complaint alleges that after his delinquent medical bills were referred to Defendant, an Ann Arbor, Michigan collections agency, Defendant violated the FDCPA by refusing his requests for verification of the debts. *Complaint, Dock. #1-3* at pg. 2. He also alleges that Defendant "breached it duty" under various state statutes by providing misleading and/or confusing information. *Id.* at pgs. 2-5. He requests monetary damages. Defendant removed the action to this Court on June 25, 2010.

---

[1] The motion for summary judgment [Doc. #27] is based not only on the deficiencies in the complaint, but on the affidavit of Defendant's Vice President as well. The summary judgment motion in effect supersedes the earlier motion for judgment on the pleadings.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990).  Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate.  *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

## III.  ANALYSIS

Defendant, arguing that both the state and FDCPA claims are dismissible, relies on the Affidavit by Thomas Oldani, Vice-President of the Ann Arbor Credit Bureau, which provides a more detailed factual background than that found in the Complaint.

On October 10, 2006, Huron Gastroenterology referred Plaintiff's account for collection, representing that the account was "valid, due, and owing."  *Defendant's Exhibit B, Affidavit of Thomas Oldani, ¶¶4-5.*  The same day, Defendant sent an initial correspondence to Plaintiff regarding same account. *Id.* at ¶5, sub-Exhibit 2.  The correspondence contained a provision stating that if within 30 days of receiving the notice, Plaintiff disputed the debt, Defendant would provide him with a verification of the debt, including the name of the original creditor. *Id.*  Oldani states that

Defendant "did not receive any correspondence" from Plaintiff within 30 days of the notice. *Id.* at ¶6.

Oldani states further that on December 22, 2006, a second medical account in Plaintiff's name was referred to Defendant for collection. *Id.* at ¶7. Again, Oldani states that the referring entity represented that the account was "valid, due and owing" by Plaintiff. *Id.* The same day, Defendant sent Plaintiff initial correspondence concerning this account, including the same "30-day" provision included in the earlier letter. *Id.* at ¶8, sub-Exhibit 2. Defendant did not receive correspondence from Plaintiff within the 30-day period. *Id.* at ¶9. Oldani states that Defendant's records indicate that the collection firm was first aware that Plaintiff disputed these accounts on May 5, 2010. *Id.* at ¶10. The same day, Defendant sent Plaintiff a letter requesting that he provide the collection agency with "the specific account in dispute," "a brief and clear explanation of the dispute," and documents supporting his position. *Id.* at ¶11, sub-Exhibit 3. Oldani states that as of May 5, 2010, Defendant ceased all collection activity. *Id.* at ¶12.

Plaintiff alleges violations of the Michigan Consumer Protection Act ("MCPA"), M.C.L. § 445.901 *et seq.* *Complaint* at ¶¶19-27. Under the § 445.903, Plaintiff asserts that Defendant violated various provisions of the Act as follows: (a) caused "confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services," (g) "[a]dvertis[ed] or representing goods or services with intent not to dispose of those goods or services as advertised or represented," (h) "[a]dvertising goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity in immediate conjunction with the advertised goods or services," (m) misrepresented "the authority of a salesperson, representative, or agent," (n) caused "confusion or of misunderstanding" as to "[the consumer's] legal rights, obligations, or remedies," (q) misrepresented that the consumer "would be provided with a service within a reasonable time,"  (s) failed to disclose  material facts, for the purpose of misleading the consumer, (cc) failed "to reveal facts that [were] material to the transaction in light of representations of fact made in a positive manner."

-3-

Plaintiff further claims that Defendant violated Michigan's Occupational Code, M.C.L. § 339.901 *et seq.*, by (1) failing to abide by the requirements that an applicant for a collection license must be not less than 18 years old and operate the business "lawfully, honestly, and fairly" (§ 904(4); and (2) that the business be under the supervision of a licensed collection agency manager (§ 908(2). Plaintiff also alleges violations of certain statutes pertaining to negotiable instruments. M.C.L. 440.3101 *et seq.*

As to claims under the FDCPA, 15 U.S.C. 1692 *et seq.*, Plaintiff alleges violations of (1) §1692e(8), which prohibits collections attempts based on knowingly false information; (2) § 1692g(b), which requires stopping debt collection activity until the debt is verified; and (3) § 1692e(11) which requires informing the debtor that the communication sender is attempting to collect a debt.

The Complaint and response to the present motion (read together in an attempt to cobble together a surviving cause of action) fail to yield a discernable claim. First, Plaintiff does not dispute Oldani's statement that offers to verify the two medical bills in question were sent in October and December, 2006. While Plaintiff's response to the present motion claims that "[s]ometime thereafter [March, 2006] this matter was settled between Plaintiff and said creditors," he provides no documentation to show that he settled the debt. *Response* at 2, *Dock. #29.* Likewise, he does not dispute that at the time the debts were assigned to Defendant, the original creditors represented that the accounts were "valid, due, and owing." *Defendant's Exhibit B, Affidavit of Thomas Oldani.* Instead, it appears that Plaintiff swung into action only after discovering on February 27, 2010 that the delinquent accounts had showed up on his credit report. *Response* at 2. Plaintiff alleges that the Defendant "inflated" the amount of the original debt, but again, presents no documentation to support this claim. *Id.* He does not explain how Defendant misrepresented its communications or violated the Occupational Code. None of Plaintiff's pleadings explain how Defendant violated state statutes concerning negotiable instruments or the Michigan Consumer Protection Act. "It is not sufficient for a party 'simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and

-4-

elaborate for him his arguments, and then search for authority either to sustain or reject his position.'" *Kogelshatz v. Gendernalik Funeral Home, Inc.*, WL 4628678, *3 -6 (Mich.App. 2010)(citing *Wilson v. Taylor,* 457 Mich. 232, 243, 577 N.W.2d 100 (1998)). *See also Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937, 1949,__L.Ed.2d__ (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Although Plaintiff faults Defendant for failing to respond to certified correspondence he sent on March 25, 2010, he does not dispute that as of May 5, 2010, Defendant ceased all collection activity. Although Plaintiff apparently stakes his claim on Defendant's failure to cease collection activity between March 25, 2010 and May 5, 2010, the 30-day window that Plaintiff had to request verification of the debt had expired by over three years. 15 U.S.C. 1692g(a). Plaintiff provides no support for his allegation that Defendant had reason to believe that the debts were not "valid, due and owing" at the time of the assignment or anytime thereafter. As required by the FDCPA, initial correspondence regarding both accounts contained the proviso that Defendant was attempting to collect a debt. *Defendant's Exhibit B,* sub-Exhibit 2.

Finally, although Defendant does not address Plaintiff's claim that his Fourteenth Amendment rights were violated, this claim is wholly without merit. "[A] due process violation is cognizable only when 'the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the state.'" *King v. IB Property Holdings Acquisition,* 635 F.Supp.2d 651, 659 (E.D.Mich.,2009)(Rosen, J.)(citing *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). Plaintiff cannot show that Defendant was a state actor.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's motion for summary judgment [Doc. #27] be GRANTED. I recommend further that Defendant's earlier motion for Judgment on the Pleadings, filed September 29, 2010 [Dock. #9] be DENIED AS MOOT.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,*

474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  August 16, 2011

_____

**CERTIFICATE OF SERVICE**

I hereby certify on August 16, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 16, 2011: **Rickie Earl Burns.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217